SAMUELS v. CONGREGATION KOL ISRAEL ANSHI POLAND.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. Religious Societies—Sale of Pew—Right of Pew Owner on Rebuilding of Synagogue.

Where a deed from a religious corporation to a member, conveying a pew in the church building, provided that in case of a sale or exchange of the old building and the purchase of a new such member should "be entitled to the same seat" therein, and that the seats in such new building should be numbered in the same manner as in the old building, such member was entitled to a seat bearing the same number, located in the manner provided in the deed, in a new building erected in place of the old, and not merely to a seat in the same relative location.

2. Same—Occupancy—Waiver.

Where a member of a religious corporation, against his objection, was assigned to a pew in a new church building bearing a different number than the pew he had occupied in the old building, the fact that he occupied for a number of times the pew so assigned him was not a waiver of a condition in a conveyance of the old pew that he was to receive a pew of the same number in the new building, as he was entitled to a reasonable time in which to determine as to his rights.

Appeal from special term, New York county.

Action by Samuel A. Samuels against the Congregation Kol Israel Anshi Poland to enforce a right to occupy a pew. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

Joseph F. Daly, for appellant.

George C. Coffin, for respondent.

VAN BRUNT, P. J. In 1882 the defendant, a domestic, religious corporation, conveyed to the plaintiff by deed a seat for himself and one for his wife in their synagogue at No. 80 Forsyth street, in the city of New York, which seats were numbered 10. The said deed contained the following covenant or agreement:

"And it is hereby further agreed that the said congregation shall have the right at any time to sell or exchange their synagogue, No. 80 Forsyth street, 'n the city of New York, where said seats hereby sold are now situate, for any other synagogue, when they, by a two-thirds vote of its members, so direct; and in that event the said Samuel A. Samuels shall be entitled to the same seat in

such other synagogue. The numbers of said seats shall be always counted by beginning with number one on the right from the ark, and number two from the left of the ark; all odd numbers being on the right of the ark, and the even numbers on the left of the ark; and all other numbers shall follow in the same manner, to wit, the odd numbers on the right and the even on the left of the ark."

Under this agreement, for a number of years, the plaintiff continued in the enjoyment of his seats in said synagogue. In 1892 the defendant sold No. 80 Forsyth street, and bought lots Nos. 20 and 22, in the same street, and erected a new synagogue, which action was in pursuance of the provisions contained in the deed of conveyance to the plaintiff. After the completion of the new building, the plaintiff demanded seats having the same number as the old ones, which request was refused, and he was allotted seats No. 20, it being claimed upon the part of the trustees of the defendant that the plaintiff was not entitled to seats of the same number, but that he could only claim seats corresponding in location to those which he and his wife had occupied in the old edifice. After the allotment of seats No. 20 to the plaintiff, he occupied the same once, as admitted on his part, and many times, as is claimed upon the part of the defendant. He then expressed his dissatisfaction, and commenced this action in order to redress the wrong which he claims to have suffered by reason of not having been allotted seats No. 10, in pursuance of the covenant contained in the deed by which the seats in the old synagogue were conveyed to him. Upon the trial of the issues involved the court held that the plaintiff was entitled under his contract to seats No. 10 in the new synagogue, and decreed that they should be allotted to him; but, in case they had been disposed of, so that that could not be done, that he should recover their value, which was fixed by the decree of the court.

The main contention upon the part of the defendant is that location, and not number, governs the right of the plaintiff to his seats; the provision being that he was to have the same seats in the new synagogue as in the old. If the conveyance had been silent after that provision, there would have been great force in the contention of the defendant; but, as it is particular to determine how the seats shall be numbered, and what process shall be observed in the numbering, it is clear that upon the number of the seat great stress was laid, and that it was intended to fix the location by determining the method in which the seats were to be numbered, and that there should be no dispute as to what pews the holders of the pews in the old synagogue should be entitled to by fixing the location according to numbers. There was no reason for the minute provision in regard to numbering contained in the deed unless it was intended that in the new edifice which the defendant might occupy for its purposes the plaintiff was to have a seat of the same number. In view of this particularity of regulation as to the method of numbering, it seems to be evident that the same seat meant a seat with the same number, located as provided in the deed. Under these circumstances it seems to us that the only interpretation which can be placed upon this deed is that the plaintiff was entitled to seats of the same number in the new synagogue as those which he had occupied in the old.

65 N.Y.S.—13

Upon the question of acquiescence, it is sufficient to say that there was evidence from which the court below could find that he only occupied the seats allotted to him once. But, even if he had occupied them oftener, acquiescence would not necessarily follow, because he had a reasonable time in which to determine as to what his rights were, and was entitled to seek advice in reference thereto. We do not see that any different interpretation can be placed upon this deed. The plaintiff was therefore entitled to recover either the seats or their equivalent.

The judgment should therefore be affirmed, with costs. All concur.